[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] His name also appears as Michael Passalaqua in portions of the record.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant/cross-appellee Information Leasing Corporation ("ILC") appeals the trial court's entry overruling its objections and adopting a magistrate's decision awarding ILC $1,197.58 in damages, in a breach-of-contract action against defendants-appellees/cross-appellants Angelo's dba Angelo's Restaurant, and its owner, Michael Passalacqua. In their cross-appeal, Angelo's and Passalacqua contest the trial court's entry overruling their objections and adopting the magistrate's decision dismissing their counterclaims against ILC.
ILC, an Ohio corporation wholly owned by Provident Bank, purchases automated teller machines ("ATMs") from a vendor, Credit Card Corporation ("CCC"), and then enters into commercial lease agreements with small businesses around the country for those ATMS. In most cases, as well as in this case, CCC would promise the small business owners that it would service the ATMs and pay advertising revenues to the owners.
On June 2, 2000, ILC entered into a finance lease with Angelo's Restaurant in Washington, Pennsylvania. Passalacqua also signed the lease as a personal guarantor. The lease required sixty monthly payments of $285.14. After the lease was signed by Angelo's and Passalacqua and executed by ILC, ILC purchased the ATM, and it was installed at Angelo's Restaurant. After making fifteen payments under the lease, Angelo's ceased making payments in September 2001. ILC subsequently filed a complaint for breach of the lease, in which it sought damages totaling $12,858.61. Angelo's filed and answer and counterclaims.
During a trial to a magistrate, ILC stated that it had repossessed the ATM and sold it at auction for $1,122.50.00, thereby reducing the amount of damages to $11,736.11. The magistrate awarded ILC damages in an amount representing past-due payments, along with late fees and the security deposit, and dismissed Angelo's and Passalacqua's counterclaims. Both parties filed objections to the magistrate's decision, which the trial court overruled.
In a sole assignment of error, ILC contends the trial court erred as a matter of law when it adopted the reasoning of the Hamilton County Common Pleas Court in Information LeasingCorporation v. Borda[2] and failed to properly award damages pursuant to R.C. Chapter 1310. We agree.
In Information Leasing Corp. v. Pall, Inc.,[3]Information Leasing Corp. v. USA Forms,[4] InformationLeasing Corp. v. Borda,[5] and Information Leasing Corp.v. Chambers,[6] this court determined the proper measure of damages under leases substantially similar to Angelo's lease. In those cases, we held that R.C. Chapter 1310 governed the remedies and damages available to ILC as a result of the lessee's failure to make lease payments. Here, both parties agree, based upon our decisions in Chambers and Borda, that the trial court erred in failing to calculate damages under R.C. Chapter 1310. Furthermore, both parties agree that R.C. 1310.74 is the applicable provision here, where ILC took possession of the ATM, sold it at auction, and applied the proceeds of the sale to the amounts owed by Angelo's and Passalacqua under the lease agreement. Therefore, based on our prior decisions, we conclude that ILC is entitled to a new hearing on damages. To the extent that Angelo's and Passalacqua contend that a new hearing is not required because ILC failed to present evidence of any damages under R.C. 1310.74 and, therefore, was not entitled to damages, we overrule their argument based on our discussion of this same issue in USA Forms. Because the trial court erred by failing to apply R.C. 1310.74 in determining the measure of ILC's damages, we sustain ILC's assignment of error.
In their cross-appeal, Angelo's and Passalacqua raise one assignment of error, alleging that the trial court erred in denying their counterclaims against ILC. They raise five issues for review in support of their assignment. Because these issues were argued by the lessee in Borda and found by this court to be without merit, we overrule Angelo's and Passalacqua's assignment of error on the authority of Borda.
Therefore, the judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for a recalculation of ILC's damages in accordance with this court's decisions in Pall, Inc., USA Forms, Borda, and Chambers,
and this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.
[2] (Apr. 1, 2003), Hamilton Cty. C.P. No. A-0104275.
[3] 156 Ohio App.3d 378, 2004-Ohio-1014, 806 N.E.2d 178.
[4] 1st Dist. Nos. C-030308 and C-030332, 2003-Ohio-6920.
[5] 1st Dist. Nos. C-020725 and C-020750, 2003-Ohio-4834.
[6] 152 Ohio App.3d 715, 2003-Ohio-2670, 789 N.E.2d 1155.